UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATVEI SHCHEULNIKOV,

           Plaintiff,

-against-

THOMAS A. CIOPPA, New York District Director, U.S. Citizenship and Immigration Services,

           Defendant.

Case No. 1:24-cv-00441 (JLR)

**OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

    Matvei Shcheulnikov ("Plaintiff") filed an asylum application with United States Citizenship and Immigration Services ("USCIS") in November 2020. Dkt. 1 ("Compl.") at ¶ 3. Several years have passed, yet "the government has yet to schedule an interview or issue a decision in [his] case." *Id.* Seeking to expedite matters, on January 21, 2024, Plaintiff sued Thomas Cioppa, the New York Director of USCIS, who shall be replaced by Tamika Gray, the current New York District Director of USCIS ("Defendant"), pursuant to Federal Rule of Civil Procedure 25(d). Plaintiff brings a claim under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, and also seeks a writ of mandamus. Compl. 4-6.

    Defendant has moved to dismiss. Dkt. 12 ("Br."). For the following reasons, the Court grants the Defendant's motion.

## BACKGROUND

    Plaintiff is a citizen of Russia who, according to the Government, was admitted to the United States on an F1 nonimmigrant visa on July 16, 2019. Compl. ¶ 18; Dkt. 11 ("Elliott Decl.") ¶ 12.[1] On November 16, 2020, Plaintiff filed a Form I-589 Application for Asylum

---

[1] Although Plaintiff initially asserts in his Complaint that he entered the United States with a B2 visa on May 20, 2020, Compl. ¶ 19, he has not contested the sworn declaration submitted

1

with USCIS.  Compl. ¶ 20; Elliot Decl. ¶ 13; *see also Chen v. Garland*, 75 F.4th 109, 112 (2d Cir. 2023) (Form I-589 "asks applicants to provide information about their personal and family backgrounds and details about the harm or mistreatment that they experienced in their home country").  Plaintiff received an employment authorization document ("EAD") that was set to expire on September 8, 2023, but he applied to renew it on July 14, 2023.  Elliot Decl. ¶ 17.  To date, Plaintiff's asylum application remains pending in the New York Asylum Office.  Compl. ¶ 21; Elliott Decl. ¶ 13.  However, his EAD's validity period automatically extended for up to 540 days from its expiration date, 8 C.F.R. § 274a.13(d)(5), and therefore his EAD remains valid.  Elliot Decl. ¶ 17.

On January 21, 2024, Plaintiff filed this action bringing an APA claim and seeking a writ of mandamus.  Compl. at 4-6.  Plaintiff asserts that Defendant has unreasonably delayed resolution of Plaintiff's asylum application and requests a court order compelling the Defendant to adjudicate his application.  Compl. ¶¶ 25, 29.  He further seeks a writ of mandamus to end Defendant's unreasonable delay and refusal to address his application.  Compl. ¶ 37.  He asks this Court to compel Defendant to promptly adjudicate the application and/or schedule an interview within thirty days of the Court's order.  Compl. at 6.

On November May 28, 2024, the Defendant moved to dismiss under Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6).  Br.  Plaintiff did not file any opposition to the motion by the deadline of June 11, 2024 and the Court *sua sponte* granted Plaintiff an extension of time to oppose the motion until June 14, 2024.  Dkt. 13.  Plaintiff still did not respond by the June 14, 2024 deadline and the Court yet again extended the deadline *sua*

---

by the Government that reflects that he entered on an F1 visa on July 16, 2019 in his opposition papers to the Defendant's motion to dismiss, nor submitted any contrary declaration.  *See generally* Dkt. 15.

*sponte* for Plaintiff to oppose the motion. Dkt. 14. Finally, on June 19, 2024, Plaintiff submitted his opposition. Dkt. 15 ("Opp"). On June 26, 2024, the Defendant filed her reply. Dkt. 16 ("Reply").

## LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011) (quotation marks omitted), *aff'd*, 568 U.S. 85 (2013). "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016) (citation omitted). "In deciding a Rule 12(b)(1) motion, the court may also rely on evidence outside the complaint." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.à.r.l.*, 790 F.3d 411, 417 (2d Cir. 2015).

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Olson v. Major League Baseball*, 29 F.4th 59, 71 (2d Cir. 2022) (quotation marks and citation omitted). A court must draw all reasonable inferences in favor of the plaintiff. *Palmer v. Amazon.com, Inc.*, 51 F.4th 491, 503 (2d Cir. 2022).

## DISCUSSION

Plaintiff's mandamus and APA claims both implicate 8 U.S.C. § 1158, a provision of the Immigration and Nationality Act (the "INA"). Several parts of Section 1158 are relevant here.

- 8 U.S.C. § 1158(a)(1) states: "Any alien who is physically present in the United States or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been

- interdicted in international or United States waters), irrespective of such alien's status, may apply for asylum in accordance with this section or, where applicable, section 1225(b) of this title."

- 8 U.S.C. § 1158(d)(1) states in relevant part: "The Attorney General shall establish a procedure for the consideration of asylum applications filed under subsection (a)."

- 8 U.S.C. § 1158(d)(5)(A)(ii) states: "The procedures established under paragraph (1) shall provide that . . . in the absence of exceptional circumstances, the initial interview or hearing on the asylum application shall commence not later than 45 days after the date an application is filed."[2]

- 8 U.S.C. § 1158(d)(7), titled "No private right of action," states: "Nothing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person."

The Court addresses Plaintiff's claims in turn.

## I. Mandamus

Plaintiff seeks a writ of mandamus to compel the Defendant to adjudicate Plaintiff's asylum application and/or schedule an interview within thirty days. Compl. at 6. The Government moves to dismiss Plaintiff's mandamus claim under Rule 12(b)(1) for lack of subject-matter jurisdiction. *See* Br. at 10-12.

District courts "have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The writ of mandamus "is a drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (quotation marks and citation omitted). "[J]urisdiction under

---

[2] *See also* 8 C.F.R. § 208.9(a)(1) ("The asylum officer shall conduct the interview within 45 days of the applicant being served with a positive credible fear determination made by an asylum officer pursuant to § 208.30(f) or made by an immigration judge pursuant to 8 CFR 1208.30, subject to the need to reschedule an interview due to exigent circumstances, such as [certain examples].").

the mandamus statute is limited to actions seeking to compel the performance of a nondiscretionary duty." *Duamutef v. INS*, 386 F.3d 172, 180 (2d Cir. 2004) (emphasis omitted); *accord Rahman v. Jaddou*, No. 22-101, 2022 WL 6593589, at *2 (2d Cir. Oct. 11, 2022) (summary order). "Before a writ of mandamus may issue, a party must establish that (1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam) (brackets, quotation marks, and citation omitted).

As explained in greater detail below, the Court agrees with the Defendant that Plaintiff's mandamus claim should be dismissed because Plaintiff has failed to establish a clear and indisputable right to the issuance of the writ. The Court disagrees, however, with the Government's request to dismiss under Rule 12(b)(1).

Courts in this Circuit have differed as to "whether a failure to satisfy the elements of a mandamus claim under § 1361 warrants dismissal for lack of jurisdiction or for failure to state a claim." *City of New York v. U.S. Postal Serv.*, 519 F. Supp. 3d 111, 127 n.9 (E.D.N.Y. 2021); *accord Ngai v. Mayorkas*, No. 22-cv-05358 (LDH), 2024 WL 1346530, at *1 n.2 (E.D.N.Y. Mar. 29, 2024) ("The question of whether [meeting] the three requirements for a writ of mandamus is a jurisdictional or merits inquiry remains an open question in this circuit."). The split on the issue has included immigration cases like this one. *Compare, e.g.*, *Fangfang Xu v. Cissna*, 434 F. Supp. 3d 43, 57 (S.D.N.Y. 2020) (dismissing for lack of jurisdiction), *Baisheng Chen v. Wolf*, No. 19-cv-09951 (AJN), 2020 WL 6825681, at *3 (S.D.N.Y. Nov. 20, 2020) (same), *and Ying Yu Liu v. Wolf*, No. 19-cv-00410 (PGG), 2020 WL 2836426, at *10 (S.D.N.Y. May 30, 2020) (same), *with Zheng v. Garland*, No. 22-cv-06039 (AMD), 2024 WL 333090, at *4 (E.D.N.Y. Jan. 29, 2024) (dismissing for failure to

state a claim), *Yueliang Zhang v. Wolf*, No. 19-cv-05370 (DLI), 2020 WL 5878255, at *3-4 (E.D.N.Y. Sept. 30, 2020) (same), *and De Oliveira v. Barr*, No. 19-cv-01508 (EV), 2020 WL 1941231, at *2-4 (E.D.N.Y. Apr. 22, 2020) (same). For all of the reasons this Court previously articulated in *Qi v. USCIS*, the Court concludes that the correct approach is to treat the failure to satisfy the elements of Plaintiff's mandamus claim as a merits issue addressed under Rule 12(b)(6), rather than as a jurisdictional issue addressed under Rule 12(b)(1). No. 23-cv-08843 (JLR), 2024 WL 2262661, at *3-4 (S.D.N.Y. May 17, 2024). The Court incorporates its analysis in *Qi* here by reference.

Plaintiff fails to state a claim for mandamus relief. Plaintiff points to 8 U.S.C. § 1158(d)(5)(A)(ii) which states that: "the initial interview or hearing on the asylum application shall commence not later than 45 days after the date an application is filed." 8 U.S.C. § 1158(d)(5)(A)(ii). However, Paragraph (7) of Subsection (d), 8 U.S.C. § 1158(d)(7), states that "[n]othing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." *Id.* § 1158(d)(7). Therefore, the 45-day deadline set forth in Paragraph (5) of Subsection (d), 8 U.S.C. § 1158(d)(5), is not legally enforceable by Plaintiff against Defendant. Thus, Plaintiff has no "clear and indisputable" right to a 45-day adjudication of his asylum application that may be enforced against Defendant through a writ of mandamus. *Hollingsworth*, 558 U.S. at 190 (citation omitted). This interpretation of Paragraph (5) comports with numerous decisions by courts in this Circuit and elsewhere. *See, e.g.*, *Abdiev v. Garland*, No. 23-cv-08091 (DEH), 2024 WL 3742545, at *3 (S.D.N.Y. Aug. 9, 2024) (denying writ of mandamus because plaintiff had not established a clear right to the relief he seeks, noting that "Courts in this Circuit have uniformly held that [Paragraph (7)] bars asylum applicants from establishing that they have a clear right to adjudication within the

6

time periods laid out in § 1158, for purposes of mandamus relief"); *Maxhuni v. Mayorkas*, No. 23-cv-09076 (DEH), 2024 WL 3090165, at *1-2 (S.D.N.Y. June 20, 2024) (same); *Zheng*, 2024 WL 333090, at *4 ("[B]ecause Section 1158(d) does not create a legally enforceable right or benefit, mandamus relief is unavailable."); *Baisheng Chen*, 2020 WL 6825681, at *3 ("[W]here, as here, the statute itself specifically provides that the timing provisions do not 'create any substantive or procedural right or benefit,' Plaintiff cannot make a showing that he has a right – let alone a clear right – to the requested relief." (quoting 8 U.S.C. § 1158(d)(7))); *Yueliang Zhang*, 2020 WL 5878255, at *1, *4 (rejecting request for a writ of mandamus ordering defendant to process asylum application; "it is beyond serious dispute that mandamus pursuant to § 1361 is unavailable to compel compliance with a statutory obligation when the underlying statute expressly disclaims a private right of action" (brackets and citation omitted)); *Zhihua Yan v. Arlington Asylum Off. USCIS*, No. 23-cv-00617, 2023 WL 7211115, at *1-2 (W.D.N.C. Oct. 6, 2023) (rejecting request for a writ of mandamus "ordering Defendant to conduct Plaintiff's asylum interview" because "the INA does not provide Plaintiff with any right in mandamus enforceable by this Court"), *aff'd*, No. 23-2123, 2024 WL 863661 (4th Cir. Feb. 29, 2024) (per curiam).

In sum, Plaintiff fails to establish that his "right to issuance of the writ is clear and indisputable." *Hollingsworth*, 558 U.S. at 190 (quotation marks and citation omitted). Therefore, the Court dismisses Plaintiff's mandamus claim under Rule 12(b)(6).

## II. APA

The Court turns next to Plaintiff's claim to compel adjudication of his asylum application under the APA because of an unreasonable delay. *See* 5 U.S.C. § 706(1) ("The reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed."). The Court agrees with the Defendant that to evaluate such a claim, the Court

7

should look to the factors summarized in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984) ("*TRAC*"); *see Nat. Res. Def. Council, Inc. v. U.S. FDA*, 710 F.3d 71, 84 (2d Cir. 2013) (*TRAC* "set[s] forth [the] test for determining if agency action is unreasonably delayed"); *Fangfang Xu*, 434 F. Supp. 3d at 52-55 (applying *TRAC* factors in evaluating asylum applicant's APA claim of unreasonable delay); *Baisheng Chen*, 2020 WL 6825681, at *4-6 (same); *accord* Br. at 13 (arguing that the Court should apply the *TRAC* factors). Plaintiff does not dispute that these factors apply but does not engage with the analysis. *See generally* Opp.

The *TRAC* factors are:

> (1) [T]he time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

750 F.2d at 80 (quotation marks and citations omitted). "These six factors are not ironclad, but rather are intended to provide useful guidance in assessing claims of agency delay." *Ahmed v. Bitter*, No. 23-cv-00189 (NGG), 2024 WL 22763, at *7 (E.D.N.Y. Jan. 2, 2024) (quotation marks and citation omitted). Although "no single factor is dispositive," "the first and fourth factors generally carry the most weight." *Arabzada v. Donis*, --- F. Supp. 3d ---, 2024 WL 1175802, at *6 (D.D.C. Mar. 19, 2024).

The Court will consider each factor in turn before assessing them in the aggregate.

8

### A. *TRAC* Factor 1

"The first *TRAC* factor – whether an agency's time to act is governed by a rule of reason – is the most important." *Kaur v. Mayorkas*, No. 22-cv-04514 (PAE), 2023 WL 4899083, at *6 (S.D.N.Y. Aug. 1, 2023) (quotation marks and citation omitted). "Indeed, only the first *TRAC* factor is phrased as a categorical command: the time agencies take to make decisions *must* be governed by a rule of reason." *Sheiner v. Mayorkas*, No. 21-cv-05272 (ER), 2023 WL 2691580, at *5 (S.D.N.Y. Mar. 29, 2023) (citation omitted). "It inquires whether there is any rhyme or reason for the Government's delay" – "in other words, whether the agency's response time is governed by an identifiable rationale." *Kaur*, 2023 WL 4899083, at *6 (ellipsis, quotation marks, and citation omitted). This factor "turns in large part on the complexity of the task at hand, the significance (and permanence) of the outcome, and the resources available to the agency." *Id.* (quotation marks and citation omitted).

The Government cites as its rule of reason a scheduling system known as "Last-In-First-Out." Br. at 14-15. Under this system, USCIS generally schedules recently filed asylum cases for interviews ahead of older cases "to combat the frivolous, fraudulent, or otherwise unmeritorious asylum applications filed . . . solely to obtain work authorization." *Id.* at 14. USCIS is also "utilizing additional asylum officers to address the oldest cases in the backlog in chronological order." *Id.* Other courts, in this Circuit and elsewhere, have consistently held that the Last-In-First-Out system is a rule of reason for purposes of the first *TRAC* factor. *See, e.g.*, *Abdiev*, 2024 WL 3742545, at *4; *Doe v. DHS*, No. 23-cv-00002, 2024 WL 1603567, at *3-4 (E.D. La. Apr. 12, 2024); *Arabzada*, 2024 WL 1175802, at *6-7; *Yilmaz v. Jaddou*, 697 F. Supp. 3d 951, at 958-59 (C.D. 2023); *Baisheng Chen*, 2020 WL 6825681, at *5; *Yueliang Zhang*, 2020 WL 5878255, at *4-5; *Ying Yu Liu*, 2020 WL 2836426, at *8;

9

*Fangfang Xu*, 434 F. Supp. 3d at 53.  The Court finds the analyses of these courts persuasive and agrees with them.  Accordingly, the first *TRAC* factor weighs in favor of the Government.

### B. *TRAC* Factor 2

"The second factor considers whether Congress has indicated the time frame for which it expects an agency to act."  *Saharia v. USCIS*, No. 21-cv-03688 (NSR), 2022 WL 3141958, at *5 (S.D.N.Y. Aug. 5, 2022).  Congress has done so here through Paragraph (5)'s 45-day deadline to commence "the initial interview or hearing on the asylum application."  8 U.S.C. § 1158(d)(5)(A)(ii); *see Muwekma Tribe v. Babbitt*, 133 F. Supp. 2d 30, 38 (D.D.C. 2000) ("If a specific deadline for final agency action is provided by Congress, the reasonableness of the delay can be measured in relation to this deadline.").  Hence, the second *TRAC* factor points in Plaintiff's favor.

### C. *TRAC* Factors 3 and 5

"Courts analyze *TRAC* factors three and five together, looking to the possible effects a delay has had on a plaintiff's health and welfare and to the nature and extent of the interests prejudiced by delay."  *Arabzada*, 2024 WL 1175802, at *8 (quotation marks and citation omitted).  Plaintiff asserts that he is "suffering irreparable harm" because he is "left in 'limbo' with continuous fear and vulnerability" and does not have closure to move on with his life.  Opp. at 2-3.  While this is understandable, Plaintiff is deemed lawfully present in the United States, has employment authorization, and can seek travel authorization if he needs to travel abroad for humanitarian reasons or significant public benefit.  Br. at 16.  Plaintiff's need for closure and feelings of vulnerability while he awaits the adjudication of his application "are not of the severity or kind that other courts have found tilt the third and fifth factors in favor of similarly situated plaintiffs."  *Punt v. USCIS*, No. 22-cv-01218, 2023 WL 157320, at *5 (D.D.C. Jan. 11, 2023) (collecting cases); *see Rashidian v. Garland*, No. 23-cv-01187, 2024

WL 1076810, at *9 (D.D.C. Mar. 8, 2024) (injuries "which are likely shared by many others facing similar circumstances" are "not so extreme or unusual as to plausibly outweigh the other factors favoring Defendants" (quotation marks and citation omitted)); *cf. Babaei v. U.S. Dep't of State*, --- F. Supp. 3d ----, 2024 WL 1178453, at *8 (D.D.C. Mar. 19, 2024) ("Factors three and five slightly favor Plaintiffs, given their allegations that they have had to defer their academic and career plans, and medical research they plan to pursue."); *Saharia*, 2022 WL 3141958, at *6-7 (more detailed allegations of personal hardship sufficed to tilt third and fifth factors in plaintiff's favor).

Here, "[a]t most, these factors would weigh only slightly in support of finding an unreasonable delay. They are not enough to overcome the other factors that weigh strongly in the Government's favor." *Palakuru v. Renaud*, 521 F. Supp. 3d 46, 53 (D.D.C. 2021).

### D. *TRAC* Factor 4

Factor 4 – "the effect of expediting delayed action on agency activities of a higher or competing priority," *TRAC*, 750 F.2d at 80 – strongly favors the Government here. Notwithstanding Plaintiff's assertion that he is "not trying to cut the line," Opp. at 3, "granting Plaintiff the relief he seeks would simply advance his application ahead of many others, including those of applicants who have been waiting as long, or longer, than Plaintiff. And the effect of leapfrogging Plaintiff's application to the front of the line would do nothing to cure the deficiencies of the asylum application process; it would only harm other applicants, who are equally deserving of prompt adjudication." *Baisheng Chen*, 2020 WL 6825681, at *6 (brackets, quotation marks, and citation omitted); *accord Sunny v. Biden*, Nos. 21-cv-04662 et al. (BMC), 2023 WL 5613433, at *3 (E.D.N.Y. Aug. 30, 2023) ("To grant priority would push others further back in line when the only difference between them and plaintiffs is that plaintiffs brought a federal lawsuit." (brackets and citation omitted)). Thus, as numerous

courts have held in similar cases, the fourth *TRAC* factor favors the Government here. *See, e.g.*, *Arabzada*, 2024 WL 1175802, at *9; *Sunny*, 2023 WL 5613433, at *3; *Dawod v. Garland*, No. 23-cv-03211, 2023 WL 8605320, at *8 (C.D. Cal. Aug. 10, 2023); *Baisheng Chen*, 2020 WL 6825681, at *6; *Ying Yu Liu*, 2020 WL 2836426, at *9.

### E. *TRAC* Factor 6

"The sixth *TRAC* factor requires the Court to assess any allegations of bad faith or unfairness on the part of the agency. Where a plaintiff does not allege bad faith, the sixth factor reminds the Court not to impute impropriety to agency delay." *Arabzada*, 2024 WL 1175802, at *9 (citations omitted). Here, Plaintiff does not allege bad faith, unfairness, or other impropriety, so the sixth *TRAC* factor is neutral. *See, e.g.*, *Cohen v. Jaddou*, No. 21-cv-05025 (PAC), 2023 WL 2526105, at *7 (S.D.N.Y. Mar. 15, 2023).

### F. Final Analysis

Considering the *TRAC* factors holistically, the Court concludes that Plaintiff has failed to state a claim for unreasonable delay, especially given that the most important factors (first and fourth) favor the Government. The Court thus grants the Government's motion to dismiss Plaintiff's APA claim under Rule 12(b)(6).

## CONCLUSION

For the reasons set forth above, the Government's motion to dismiss is GRANTED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 9 and CLOSE the case.

Dated: November 13, 2024
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge